UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 13-CV-61120-KMM

UNIVERSITY OF FLORIDA RESEARCH
FOUNDATION INC. and
RAPID MOBILE TECHNOLOGIES, INC.,    JURY TRIAL

       Plaintiff,                          Judge K. Michael Moore
                                                    Magistrate Judge Edwin G. Torres

v.

MOTOROLA MOBILITY, LLC.,

       Defendants.
_____

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL ANSWERS TO INTERROGATORIES AND DOCUMENT PRODUCTION**

       The University of Florida Research Foundation Incorporated ("UFRF") and Rapid Mobile Technologies Inc. ("RMT") (collectively, "Plaintiffs") reply to Motorola Mobility, LLC's ("Motorola's") opposition as follows:

**I.    Motorola Confuses Infringement Issues with Patent Damages Issues in Refusing to Answer Interrogatory Nos. 2 and 3**

       Plaintiffs' Interrogatory No. 1 asked Motorola to list each cell phone that Motorola has tested in its Drive Test Simulator ("DTS") (located in Plantation, Florida).  In response, Motorola identified 39 cell phone models.  Exh. F to Plaintiffs' opening motion.  Plaintiffs' Interrogatory Nos. 2 and 3 then asked Motorola to identify the sales information for the cell phones identified in response to Interrogatory No. 1.  Motorola refused to provide worldwide information.  *Id.*  Motorola argues that because UFRF's patent-in-suit (the '330 patent) does not cover cell phones, Motorola need not produce financial information for any cell phone, anywhere.  Opposition at 2-3.  Motorola, however, provided U.S. sales information for models tested on the DTS and

1

subsequently sold in the U.S. — not because, as Motorola argued, it was required, but because it was a compromise on its argument that no sales information was required. *Id.*

Motorola's logic is unsound because it confuses patent infringement law with patent damages law. Plaintiffs have never contended that cell phones themselves infringe the '330 patent. The '330 patent covers a testing and development system that helps Motorola develop commercially viable cell phones. Under this patented invention, Motorola connects a cell phone model to be tested into a patented mobile network emulation system that helps Motorola finalize the firmware for the cell phone under test and that, with such developed firmware, allows the cell phone to work properly when used in the real-world mobile network anywhere in the world. Motorola repeats this test for each cell phone model that it intends to introduce into the market and for each firmware update version of each cell phone model. In short, the DTS that Motorola built in Plantation, Florida, and which it has used to test and develop 39 cell phone models, has assisted Motorola in making 39 cell phone models (and millions of units within tested models) that are commercially viable worldwide because of the testing in the DTS.

Plaintiffs are entitled to discovery relating to the value and benefit Motorola received by testing and developing each cell phone model in the infringing DTS. Relevant information to this issue is the sales information Motorola enjoyed for models so tested in the DTS. While those cell phones themselves do not infringe, they were developed in part by the testing procedures and system that do infringe. Under patent damages law cited in Plaintiffs' opening brief, Plaintiffs are entitled to this discovery. Opening Motion at 5-8.

Motorola argues that no sales information is legally relevant, U.S. or worldwide. Yet Motorola provided U.S. sales information. The fact that Motorola has produced U.S. sales information for cell phone models tested in the DTS, however, should in itself be a sufficient

2

admission of relevancy to allow Plaintiffs to receive *all* sales information for the phone models that are tested in the DTS, no matter where the sales of such phones occurred. All sales of phones directly reflect the value that was received by Motorola for the use of the infringing system that helped develop each phone model at Plantation, Florida.

**II.     The Federal Rules of Civil Procedure Allows For Discovery of Any Matter Relevant to a Claim**

Under Rule 26(b)(1) of the Federal Rules, if information is conceivably relevant to a claim or defense, it is discoverable, if not privileged. Motorola has not asserted a privilege to the sales information sought. Plaintiffs have shown that a reasonable royalty patent damages analysis allows the fact finder to consider any information that pertains to the benefits Motorola enjoyed from testing and developing each cell phone model in the DTS. If negotiators of a reasonable royalty understand that Motorola will test and develop cell phone models in an infringing system in the U.S. but then sell $1 billion of such cell phones overseas, the financial value Motorola receives overseas will play a role in the reasonable royalty analysis of the infringement that occurs in Plantation, Florida. Motorola has conceded relevancy of sales information for cell phones tested in the DTS and sold in the U.S., even though the phones themselves do not infringe. That being so, Motorola cannot now argue that all sales information for the cell phone models tested in the Plantation, Florida, infringing system are not likewise relevant. They are relevant under black letter reasonable royalty patent damages law. The information is thus discoverable.

**III.    Plaintiffs' Motion to Compel Included a Request that the Court Compel Motorola To Produce Documents Responsive to Plaintiffs' Document Requests, Including License Agreements**

Motorola argues that Plaintiffs' motion to compel is limited to Plaintiffs' request to compel interrogatory responses and is not broad enough to include a request to compel Motorola to produce documents responsive to Plaintiffs' July 17, 2013, request for documents. This is not

correct. Plaintiffs' opening motion explicitly informed the Court that on July 17, 2013, Plaintiffs propounded document requests on Motorola. Exh. A to opening Motion. Plaintiffs told the Court that Motorola had not produced any documents responsive to these requests, including documents relating to licenses and damage issues. Opening Motion at 3.[1] Plaintiffs specifically asked the Court to compel Motorola to produce documents responsive to the July 17, 2013 request. *Id.* at 8 (and see proposed order).

On October 10, 2013, just prior to the deadline for Motorola to file an opposition to Plaintiffs' opening motion, Motorola made its document production in response to the July 17, 2013, document request. Motorola produced 42 documents. Plaintiffs believed it necessary to advise the Court of this insufficient response as part of this pending motion to compel, and thus Plaintiffs' filed a four-page supplement (Dkt.#46) that informed the Court that Motorola produced 42 documents, and in that production, failed to produce any license agreements responsive to demands within the July 7, 2013, document request. Plaintiffs identified a few other document requests that Plaintiffs were seeking to focus the Court's attention in the supplement. This supplement is *not* a separate motion to compel, but simply focuses the Court's attention on the particular items from the July 17, 2013, document request that remained relevant after Motorola's production of 42 documents. Plaintiffs believed the Court would appreciate Plaintiffs narrowing the issues further in the pending motion to compel. Because Plaintiffs were not sure how to advise the Court of the narrowing of the issues resulting from Motorola's production of 42 documents, Plaintiffs styled their supplement an "emergency" supplement — but the intent is simply to update and narrow the pending motion to compel. The supplement identifies specific documents that

---

[1] Plaintiffs acknowledged that Motorola had produced about 1400 documents in the Whistleblower suit, which Motorola was counting as production in this suit. But, since many issues that are relevant to this infringement suit were not relevant in the Whistleblower suit (such as patent damages and licenses). Therefore, Motorola is required to produce responsive documents in this patent suit. *See, e.g.,* Opening Motion at 3.

4

Plaintiffs asked for that are clearly relevant to Plaintiffs' claims and which Motorola had failed to reasonably comply.  In the supplement, Plaintiffs narrowed their motion to compel production of documents to (a) licenses related to cell phone testing technologies and cell phone technology in general (Motorola produced no licenses at all), (b) documents identifying the specific phones tested and how these phones are connected with the DTS, (c) documents showing any modifications that Motorola makes to each phone for purposes of the test, (d) the components of the DTS, (e) the packet based data network that Motorola links with the DTS, (f) the complete list of issues and defects that Motorola has discovered using the DTS, (g) any benefits and cost savings Motorola enjoys by reason of the DTS, and (h) the offer of a cash reward for identification of prior art to the '330 patent.  Plaintiffs respectfully urge the Court to compel Motorola to produce documents responsive to these long outstanding requests, and to fully respond to Interrogatory Nos. 2-3.

Dated: October 21, 2013                            Respectfully submitted,

                                                  MELTZER & MEKSRAITIS LLC

                                                By: \s\ *Jennifer Meksraitis, Esq.*
                                                Jennifer Meksraitis, Esq.
                                                Fla. Bar. No. 0041615
                                                meksraitis@yahoo.com
                                                Cory Meltzer, Esq.
                                                cory@meltzermathis.com

                                                MELTZER & MEKSRAITIS
                                                4000 N. Federal Highway, Suite 202
                                                Boca Raton, FL 33431
                                                Tel: 561.300.3347
                                                Fax: 561.300.3448
                                                Counsel for Plaintiffs

OF COUNSEL

Steve Lundwall
Tel.: (832) 309-4220
steve@lundwall-law.com
Lundwall Law PLLC
8969 Meadow Dr.
Sundance, Utah 84604

710 North Post Oak Road, Suite 400
Houston, Texas 77024

## CERTIFICATE OF SERVICE

I certify that on Monday, October 21, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

By: /s/ *Jennifer Meksraitis, Esq.*
Jennifer Meksraitis, Esq.